Filed 3/10/22  Singh v. Bains CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DALJIT SINGH, | F082506 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CECG01693) |
| v. | |
| GURPAUL SINGH BAINS, | **OPINION** |
| Defendant and Appellant. | |

<u>**THE COURT**</u>[*]

APPEAL from an order of the Superior Court of Fresno County.  Mark E. Cullers, Judge.

Gurpaul Singh Bains, in pro. per., for Defendant and Appellant.

John L. Migliazzo for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Peña, Acting P.J., Smith, J. and DeSantos, J.

Defendant Gurpaul Singh Bains appeals from a civil harassment restraining order (CHRO) protecting plaintiff Daljit Singh (defendant's former employer) and plaintiff's wife and son. Defendant also challenges the denial of his peremptory challenge to the trial judge.

Plaintiff requests this court take judicial notice of a second CHRO issued against defendant and contends this appeal is moot because defendant did not appeal a second CHRO. Plaintiff also contends the peremptory challenge was properly denied as untimely.

We grant plaintiff's request for judicial notice of the second CHRO. We conclude the appeal of the first CHRO is moot because reversing that CHRO would not give defendant any practical, effective relief because he would still be subject to the second CHRO, which was not appealed.

We therefore dismiss the appeal as moot.

## MEMORANDUM DECISION[1]

### I.  MOOTNESS

An appeal becomes moot when an actual controversy that once was ripe no longer exists due to a change in circumstances. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) In assessing mootness, "[t]he pivotal question … is … whether the court can grant the plaintiff any effectual relief." (*Id.* at p. 1574.) If events have made such relief impracticable, the controversy has become moot. (*Ibid.*)

Plaintiff has requested this court take judicial notice of a second CHRO issued on mandatory Judicial Council form CH-130 in *Daljit Singh v. Gurpaul Bains*, Fresno County Superior Court, case No. 19CECG00917. We grant this request pursuant to the

---

[1]  This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions]; Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"].)

provisions of the Evidence Code governing judicial notice. The CHRO, as a record of a court of this state, is subject to judicial notice under subdivision (d)(1) of Evidence Code section 452. We have the authority to take judicial notice of the second CHRO pursuant to Evidence Code section 459, subdivision (a), which states a "reviewing court may take judicial notice of any matter specified in Section 452."

Defendant did not file an opposition to plaintiff's request for judicial notice and, furthermore, did not file an appellant's reply brief. As a result, defendant has not presented this court with any arguments as to why this appeal is not rendered moot by the second CHRO and his failure to appeal that order.

Despite the lack of argument from defendant, we have independently compared the terms of the CHRO challenged in this appeal with the terms of the CHRO issued in Fresno County Superior Court case No. 19CECG00917. We have determined there is no material difference in their terms. Each CHRO protects plaintiff, his wife and his son. Each CHRO has the same personal conduct orders and contains a stay-away order of 100 yards. In addition, each CHRO expires on February 22, 2026.

Consequently, we conclude that we cannot grant defendant any effective relief in this appeal. If we reversed the challenged CHRO, defendant would still be subject to the second CHRO. Therefore, this appeal is moot and should be dismissed.

As a result of this mootness determination, we need not resolve the issues relating to defendant's peremptory challenge of the trial judge.[2]

---

[2] We note, however, that defendant's appeal of the denial of his peremptory challenge could not succeed because of a procedural defect. Code of Civil Procedure section 170.3, subdivision (d) states: "The determination of the question of the disqualification of a judge is *not an appealable order* and may be reviewed *only by a writ* of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." (Italics added.) The use of the phrase "only by a writ" in this provision means that the expedited writ procedure is the exclusive means for reviewing an

**DISPOSITION**

The appeal is dismissed as moot. Plaintiff's request for judicial notice, filed on December 27, 2021, is granted. In accordance with California Rules of Court, rule 8.278(a)(2), plaintiff is the prevailing party and is entitled to recover his costs on appeal.

---

unsuccessful peremptory challenge filed under Code of Civil Procedure section 170.6. (*People v. Webb* (1993) 6 Cal.4th 494, 522.) As a result, even if this appeal was not moot, we would lack the authority to address whether the challenge should have been granted.